This document was signed electronically on April 2, 2018, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: April 2, 2018



*/s/ Alan M. Koschik*

ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FIRSTENERGY SOLUTIONS CORP., *et al.*,[1] | Case No. 18-50757 (Request for Joint Administration Pending) |
| Debtors. | Hon. Judge Alan M. Koschik |
| FIRSTENERGY SOLUTIONS CORP., *et al.*, | |
| Plaintiffs, | Adversary Proc. No. 18-05021 |
| v. | |
| FEDERAL ENERGY REGULATORY COMMISSION, | |
| Defendant. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

# *EX PARTE* TEMPORARY RESTRAINING ORDER AGAINST FEDERAL ENERGY REGULATORY COMMISSION

Upon the motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction, upon the Declarations of Judah L. Rose, David Gerhardt, Kevin T. Warvell, and David M. Zensky, Plaintiffs have requested pursuant to Federal Rule of Civil Procedure 65(b) and Federal Bankruptcy Rule 7065 an *ex parte* temporary restraining order against the Defendant Federal Energy Regulatory Commission ("FERC"). It appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED:

1. Plaintiffs have filed a Complaint for Declaratory Judgment, *Ex Parte* Temporary Restraining Order, and Preliminary and Permanent Injunction against the Defendant seeking the following findings, restraints and directives:

   A. Finding: (a) that this court has exclusive jurisdiction to adjudicate Plaintiffs' Rejection Motion and OVEC ICPA Rejection Motion, and (b) any action by FERC to initiate or continue, or encourage any person or entity to initiate or continue, any proceeding before FERC, or issue any order, attempting to require or coerce the Plaintiffs to continue performing under the executory contracts identified in Exhibit B or limit Plaintiffs to seeking abrogation of such contract under the Federal Power Act shall constitute a violation of 28 U.S.C. § 1334(b), (e) and 11 U.S.C. §§ 105(a), 362(a), and 365.

   B. Preliminarily and permanently enjoining FERC from initiating or continuing, or encouraging any person or entity to initiate or continue, any proceeding before

FERC, or from issuing any order, to require or coerce the Plaintiffs to continue performing under the executory contracts identified in Exhibit B or limiting Plaintiffs to seeking abrogation of such contract under the Federal Power Act.

C. Preliminarily and permanently enjoining FERC from entering any order that would require or coerce the Plaintiffs to continue performing under the executory contracts identified in Exhibit B in a manner that would interfere with this Court's exclusive jurisdiction to hear and determine any motion pursuant to 11 U.S.C.§ 365.

2. Plaintiffs are not seeking to enjoin any exercise of FERC's regulatory jurisdiction; nor do the Debtors seek to curtail FERC's powers to review, pursuant to 11 U.S.C. §1129(a)(6), any contracts or rates within its jurisdiction that may emerge in the final plan of reorganization.

3. Nothing herein shall relieve Plaintiffs of their obligations to comply with applicable law and FERC rules and regulations except to the extent such compliance is inconsistent with Plaintiffs' rights or any Order of this Court pursuant to 11 U.S.C. § 365.

4. As set forth in the Declarations and the Memorandum of Law in Support of Plaintiffs' Motion For *Ex Parte* Temporary Restraining Order And Preliminary Injunction Against The Federal Energy Regulatory Commission, the Debtors, their estates, and their creditors will suffer immediate and irreparable harm if the temporary restraining order requested in connection with the injunctive relief sought in paragraphs 1(B) and (C), above, is not granted on an expedited and *ex parte* basis, without notice to FERC or its counsel.

5. Pursuant to Rule 7065 of the Bankruptcy Rules, Federal Rule of Civil Procedure 65(b) and Local Bankruptcy Rule 9077-1, Plaintiffs' request for a temporary restraining order should be granted on an *ex parte* basis. The Court finds that if FERC had notice of this proceeding before entry of a temporary restraining order, there is a sufficient possibility that

FERC would commence a proceeding under the FPA or otherwise order Plaintiffs to continue performance of the burdensome executory contracts, and thereby might divest this Court of its jurisdiction over the bankruptcy estate, resulting in significant harm to the Debtors, their creditors, and the reorganization process to warrant entry of a temporary restraining order.

IT IS THEREFORE ORDERED AS FOLLOWS:

A. Plaintiffs have demonstrated that they have a likelihood of success on their claim that this court has exclusive jurisdiction to adjudicate Plaintiffs' Rejection Motion and OVEC ICPA Rejection Motion.

B. Plaintiffs have demonstrated that they have a likelihood of success on their claim that any action by FERC to initiate or continue, or encourage any person or entity to initiate or continue, any proceeding before FERC, or issue any order, attempting to require or coerce the Plaintiffs to continue performing under the executory contracts identified in Exhibit B or limit Plaintiffs to seeking abrogation of such contract under The Federal Power Act shall constitute a violation of 28 U.S.C. § 1334(b), (e) and 11 U.S.C. §§ 105(a), 362(a), and 365.

C. Unless otherwise stipulated by the parties to this adversary proceeding, or ordered by the Court after providing the parties to this adversary proceeding with notice and an opportunity to be heard, FERC is temporarily restrained, until 11:59 p.m. on April 16, 2018, from initiating or continuing, or encouraging any person or entity to initiate or continue, any proceeding before FERC, or from issuing any order, to require or coerce the Plaintiffs to continue performing under the executory contracts identified in Exhibit B or limiting Plaintiffs to seeking abrogation of such contract under The Federal Power Act.

D.  Unless otherwise stipulated by the parties to this adversary proceeding, or ordered by the Court after providing the parties to this adversary proceeding with notice and an opportunity to be heard, FERC is temporarily restrained, until 11:59 p.m. on April 16, 2018, from entering any order that would require or coerce the Plaintiffs to continue performing under the executory contracts identified in Exhibit B in a manner that would interfere with this Court's exclusive jurisdiction to hear and determine any motion pursuant to 11 U.S.C.§ 365.

6. Plaintiffs will immediately serve this Temporary Restraining Order on FERC and its counsel, and on the federal government as required by Federal Rule of Civil Procedure 4 made applicable herein pursuant to Federal Rule of Bankruptcy Procedure Rule 7004. A preliminary injunction hearing will be held before the Court on April 16, 2018 at 10 a.m. A status conference concerning that hearing will be held on April 9, 2018, at 10 a.m.

7. Plaintiffs are authorized to take all actions necessary to effectuate the relief granted pursuant to this temporary restraining order.

8. The terms and conditions of this temporary restraining order shall be immediately effective and enforceable upon its entry.

9. Pursuant to Bankruptcy Rule 7065, Debtors are exempt from providing security as otherwise required by Federal Rule of Civil Procedure 65(c).

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

11. This Order is granted as of 10 a.m. on April 2, 2018.

# # #

**SUBMITTED BY:**

*/s/ Marc B. Merklin*
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
John C. Fairweather (0018216)
Lisa S. DelGrosso (0064938)
Kate M. Bradley (0074206)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jfairweather@brouse.com
ldelgrosso@brouse.com
kbradley@brouse.com

 - and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (*pro hac vice* admission pending)
David Zensky (*pro hac vice* admission pending)
Lisa Beckerman (pro hac vice admission pending)
Brian Carney (*pro hac vice* admission pending)
Brad Kahn (*pro hac vice* admission pending)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
dzensky@akingump.com
lbeckerman@akingump.com
bcarney@akingump.com
bkahn@akingump.com

 - and -

Scott Alberino (*pro hac vice* admission pending)
David Applebaum (*pro hac vice* admission pending)
Todd Brecher (*pro hac vice* admission pending)
Kate Doorley (*pro hac vice* admission pending)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
salberino@akingump.com
dapplebaum@akingump.com
tbrecher@akingump.com
kdoorley@akingump.com

*Proposed Counsel for Debtors
and Debtors in Possession*

# EXHIBIT B

**Executory Contracts**

    a. Wind Power Purchase Agreements between FES and Allegheny Ridge Wind Farm, LLC (Phase 1 and Phase 2)

    b. Power Purchase Agreement between FES and Blue Creek Wind Farm LLC

    c. Wholesale Purchase and Sale Agreement for Wind Energy between FES and Casselman Windpower LLC

    d. Renewable Resource Power Purchase Agreement between FES and High Trail Wind Farm, LLC

    e. Power Purchase Agreement between FES and Krayn Wind LLC

    f. Power Purchase Agreement between FES and Maryland Solar LLC

    g. Master Power Purchase and Sale Agreement between FES and Meyersdale Windpower LLC

    h. Wind Power Purchase Agreements between FES and North Allegheny Wind LLC (Phase 3 and Phase 4)

    i. Master Power Purchase & Sale Agreement between FES and Forked River Power, LLC

    j. Multi-Party Intercompany Power Purchase Agreement with the Ohio Valley Electric Company ("OVEC ICPA")