UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>FIRSTENERGY SOLUTIONS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-50757<br>(Jointly Administered)<br><br>Hon. Judge Alan M. Koschik |
| FIRSTENERGY SOLUTIONS CORP., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Defendant. | Adv. 18-05021-AMK |

**DEBTORS' MOTION TO STRIKE OR, IN THE ALTERNATIVE,
OPPOSITION TO OHIO VALLEY ELECTRIC CORPORATION'S MOTION FOR
<u>EXPEDITED CONSIDERATION OF ABSTENTION MOTION</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FE Aircraft Leasing Corp. (9245), case no. 18-50759; FirstEnergy Generation, LLC (0561), case no. 18-50762; FirstEnergy Generation Mansfield Unit 1 Corp. (5914), case no. 18-50763; FirstEnergy Nuclear Generation, LLC (6394), case no. 18-50760; FirstEnergy Nuclear Operating Company (1483), case no. 18-50761; FirstEnergy Solutions Corp. (0186); and Norton Energy Storage L.L.C. (6928), case no. 18-50764. The Debtors' address is: 341 White Pond Dr., Akron, OH 44320.

FirstEnergy Solutions Corp. ("FES") and FirstEnergy Generation, LLC ("FG" and together with FES, "Plaintiffs"), debtors in the above-captioned chapter 11 cases (together with their affiliated debtors, the "Debtors"), respectfully submit this opposition to the Ohio Valley Electric Corporation's *Motion for Expedited Consideration of Abstention Motion*, Dkt. 92 (the "Motion to Expedite"), which asks this Court for expedited briefing and consideration of its concurrently-filed *Motion for Abstention, or, in the Alternative, Referral Under the Doctrine of Primary Jurisdiction*, Dkt. 91 (the "Abstention Motion"). Defendant Federal Energy Regulatory Commission ("FERC") has filed a joinder to the Abstention Motion. *See* Dkt. 95.

## PRELIMINARY STATEMENT

Ohio Valley Electric Corporation ("OVEC") has been involved in this adversary proceeding every step of the way. On April 2 OVEC appeared and participated in the first hearing in this matter, during which this Court granted Plaintiffs' request for an *ex parte* temporary restraining order. On April 16 this Court granted OVEC's request to intervene. On April 25, this Court—despite OVEC's pleas to the contrary—issued an order limiting OVEC to 25 pages in opposition to Plaintiffs' motion for a preliminary injunction (the "PI Motion"). *See Order Setting Forth Page Limits*, Dkt. 71 (the "April 25 Order"). On April 30, OVEC filed a 25-page brief in opposition to the PI Motion (the "OVEC Opposition"). The next day, May 1, OVEC filed its 15-page Abstention Motion, along with the Motion to Expedite, asking this Court to hear the Abstention Motion on May 11 and requiring Plaintiffs to file any opposition to the Abstention Motion by May 7—the same day that Plaintiffs must file their reply brief responding to the 75 pages of opposition briefing to the PI Motion. OVEC never mentioned to the parties, nor to this Court, its intent to file a separate motion in connection with the PI Motion, and it never sought leave of the Court to file it.

1

This Court should recognize OVEC's filing for what it is—an effort to circumvent the April 25 Order—and strike the Abstention Motion. At best, OVEC remained silent during the April 24 status conference regarding the planned Abstention Motion knowing that it would be filing a separate motion that could have been addressed and scheduled at that time. At worst, OVEC manufactured the Abstention Motion in the face this Court's 25-page limit. Either way, the Abstention Motion is a violation of the April 25 Order and the Local Bankruptcy Rules in the Northern District of Ohio, and this Court should strike the Abstention Motion.

Alternatively, this Court should deny the Motion to Expedite and set the motion on regular notice. Granting the request for expedited consideration will reward OVEC's gamesmanship and unfairly prejudice Plaintiffs, who are currently responding to the briefing that this Court scheduled and the parties anticipated in connection with the PI Motion. Any urgency associated with the timing of OVEC's filing is of OVEC's own doing: the Abstention Motion could have been filed, or at least raised with the Court, at any point since the Court granted the intervention motion and certainly during the April 24 status conference.

In addition, OVEC and FERC failed to engage diligently with Plaintiffs to address the factual record for the upcoming hearing. As a result, the parties are now left scrambling to produce documents and take depositions in the week leading up to the hearing. OVEC now demands that—because of its own dilatory tactics—Plaintiffs respond to the OVEC Opposition, the Abstention Motion, and proceed with document and deposition discovery, all in the same short window of time. Its position is both unreasonable and untenable.

## ARGUMENT

**I. The Court Should Strike the Abstention Motion**

Both this Court's comments at the status conference and its subsequent April 25 Order were plainly intended to set parameters on the briefing and schedule in advance of the hearing. The April 25 Order set the "page limits for briefing filed in connection with the . . . [PI Motion]." April 25 Order at 2. Specifically, OVEC was allowed to "file a brief not exceeding twenty-five (25) pages in opposition to the PI Motion." *Id*. On April 30, OVEC filed the 25-page OVEC Opposition to the PI Motion. *See* Dkt. 84. Neither the April 25 Order nor the Local Bankruptcy Rules contemplated any other briefing from OVEC. *See* April 25 Order ("Any other party seeking to file any brief in connection with the PI Motion must seek leave of Court"); LBR 9013-1(c) ("No additional briefing will be considered except upon leave of Court for good cause shown.").

Despite the clear limits in the April 25 Order and the Local Bankruptcy Rules, OVEC also filed a separate 15-page motion "in connection with" the PI Motion. *See* Abstention Motion. OVEC's request for abstention is premised on its opposition to Plaintiffs' argument that this Court has exclusive jurisdiction; indeed, its Abstention Motion only makes sense if this Court accepts the concurrent jurisdiction arguments in the FERC and OVEC oppositions. *See* FERC Opp'n, Dkt. 85 at 16-19; OVEC Opp'n, Dkt. 84 ¶¶ 19-28. Nothing prevented OVEC from raising the abstention argument in the OVEC Opposition. OVEC's suggestion that they were obligated to file a separate motion is incorrect.

This Court has discretion to sanction OVEC's violation of the April 25 Order and the Local Bankruptcy Rules. *See, e.g.*, *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 161 (S.D. Ind. 2009) ("When a party ignores the page limits established by the local rules or by

3

orders of the court, the court typically strikes the party's brief or simply strikes the excess pages."); *see also* LBR 9013-1(c). Accordingly, Plaintiffs ask that this Court strike the Abstention Motion and dismiss the Motion to Expedite as moot.

## II. Alternatively, the Court Should Deny the Request for Expedited Consideration

The Local Bankruptcy Rules instruct that a party opposing a motion normally receives 14 days from the date of the service to respond. LBR 9013-1(b). There is no reason to deviate from that schedule here. In support of its Motion to Expedite, OVEC points to nothing more than the fact that its Abstention Motion—like the OVEC Opposition—challenges this Court's authority to consider Debtors' Motion for Preliminary Injunctive Relief. OVEC merely underscores the frivolous nature of its Abstention Motion; it does not show good cause to shorten this Court's normal briefing schedule nor provide any reason why the Abstention Motion could not have been filed earlier.

As discussed above, OVEC has been conspicuously silent about its intent to file the Abstention Motion, despite being fully aware that the issues it raises are premised on the *exact* issues OVEC sought to raise in the OVEC Opposition. The press of time now is a problem entirely of OVEC's own making—and it threatens irreparable harm to Debtors, not OVEC. There is no reason OVEC could not have announced its intention to file the Abstention Motion at the April 24 status conference and asked the Court to set an appropriate briefing schedule. Its tactic now—filing a 15-page Abstention Motion as a supplement to its 25-page opposition, and then demanding expedited response briefing as well as expedited discovery—smacks of bad faith, and jeopardizes Plaintiffs' ability to respond to the opposition papers with a full and fair consideration of the issues presented therein. Indeed, OVEC's demand for simultaneous hearing and consideration on both its Abstention Motion and the OVEC Opposition illuminates its intent

4

to end run around the page limits this Court ordered in connection with the PI Motion. The Court should not reward such gamesmanship.

## CONCLUSION

For the foregoing reasons, the Court should strike OVEC's Abstention Motion, or in the alternative, deny OVEC's Motion to Expedite.

Dated: May 2, 2018                    Respectfully submitted,

/s/ John C. Fairweather
**BROUSE MCDOWELL LPA**
Marc B. Merklin (0018195)
John C. Fairweather (0018216)
Lisa S. DelGrosso (0064938)
Kate M. Bradley (0074206)
388 South Main Street, Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jfairweather@brouse.com
ldelgrosso@brouse.com
kbradley@brouse.com

 - and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Ira Dizengoff (*pro hac vice*)
David Zensky (*pro hac vice*)
Lisa Beckerman (*pro hac vice*)
Brian Carney (*pro hac vice*)
Brad Kahn (*pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
idizengoff@akingump.com
dzensky@akingump.com
lbeckerman@akingump.com
bcarney@akingump.com
bkahn@akingump.com

 - and -

Scott Alberino (*pro hac vice*)
David Applebaum (*pro hac vice*)
Todd Brecher (*pro hac vice*)
Kate Doorley (*pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

salberino@akingump.com
dapplebaum@akingump.com
tbrecher@akingump.com
kdoorley@akingump.com

*Proposed Counsel for Debtors
and Debtors in Possession*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of May, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ John C. Fairweather*
John C. Fairweather (0018216)
